

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RADIUS BANK,**

    **Plaintiff,**

v.                                                    **CIVIL ACTION NO. 4:20-cv-1**

**LARKSIMPLE LLC,**

**and,**

**WARREN AUSTIN,**

    **Defendants.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff Radius Bank's ("Radius") Motion for Default Judgment against Defendant LarkSimple, LLC ("LarkSimple) and Warren Austin ("Austin"), (collectively "Defaulting Defendants"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. ECF No. 12. Radius filed six exhibits and an affidavit in support of its Motion. A default judgment hearing was held on September 29, 2020. ECF No. 19. Representatives for LarkSimple and Austin were not present. At the hearing, the Court **GRANTED** the Motion for Default Judgment against LarkSimple and Austin. Radius also submitted filings relating to attorneys' fees and costs. ECF Nos. 12 and 18. This opinion explains the Court's findings and disposition of the motion.

### I. FACTUAL AND PROCEDURAL HISTORY

This case involves LarkSimple and Austin's default on a loan payment. ECF No. 1 ¶ 2. On October 2016, Radius entered into a loan transaction (the "Loan") with LarkSimple and Austin whereby Radius loaned money to LarkSimple, and Austin guaranteed by payment of the loan. On October 14, 2016, LarkSimple executed a U.S. Small Business Administration Note (the "Note"),

1

payable to Radius in the original principal amount of $158,100.00. ECF No. 1 at Exhibit 1. Austin executed the Note on behalf of LarkSimple and executed a U.S. Small Business Administration Unconditional Guarantee (the "Guarantee"). *Id.* at Exhibit 2. LarkSimple defaulted on its obligations under the Loan for its failure to make principal and interest payments on the Note when due. After the collateral securing the Loan was sold at public option, there remained a balance due under the Note and the Guarantee in the amount of $115,618.10 plus interest at the rate of 8.25% per annum on the principal amount of $111,194.06 from November 6, 2019, (the "Indebtedness"). *Id.* at Exhibit 4. On November 6, 2019, Radius notified LarkSimple and Austin with a demand letter of the amount due under the Note and the Guarantee and demanded immediate payment. *Id.* at Exhibit 3. Since the date of the demand letter, LarkSimple and Austin have not made any payments towards the owed debt.

On January 3, 2020, Radius filed a Complaint against LarkSimple and Austin. ECF No. 1. The Defaulted Defendants did not answer or otherwise respond to the complaint. On February 18, 2020 the Clerk of Court entered a default against LarkSimple and Austin. ECF No. 11. On May 5, 2020, the Radius filed its Motion for Default Judgment. ECF No. 12. On September 8, 2020, Radius notified the Defaulting Defendants of their Motion for Default Judgment consistent with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 16.

## II. LEGAL STANDARD

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Pursuant to Rule 55(a), the Clerk must enter default against a party that "has failed to plead or otherwise defend" against an action. After the Clerk has entered default, a plaintiff may seek a default judgment against a defendant pursuant to Rule 55(b). A court must "exercise sound

2

judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). The United States Court of Appeals for the Fourth Circuit has expressed "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Default judgment may be appropriate, however, "when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Although a defaulting party admits the factual allegations in the filings of the opposing party, a court must evaluate the sufficiency of the allegations to determine if the party moving for default judgment states a cause of action. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). *See also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The court must ... determine whether the well-pleaded allegations in [the] complaint support the relief sought in th[e] action."); *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to a party where the party failed to state a valid claim).

### B. Damages

If a court determines that the well-pleaded allegations in the complaint support relief in the form of damages, the Court must establish the damages to which Plaintiff is entitled. *See J & J Sports Prods., Inc. v. Brutt's LLC*, No. 2:14CV269, 2014 WL 7363823, at *7 (E.D. Va. Dec. 23,

2014). Allegations relating to the amount of damages are not deemed admitted by default. Fed. R. Civ. P. 8(b)(6). Unless the amount of damages is certain, the Court is required to make an independent determination of the sum to be awarded. In all circumstances, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Thus, if the court determines that a plaintiff has established liability, the court cannot accept as true factual allegations and must therefore make an independent determination regarding damages. *J & J Sports Productions, Inc., v. Panana, LLC,* 2014 WL 5454323, at *1 (D. Md. Oct. 24, 2014). In determining the appropriate sum, the court may rely on affidavits or documentary evidence in the record. *Id.* As a general matter, relief granted upon default judgment may not exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c).

### III. DISCUSSION

In the instant case, default judgment against the LarkSimple and Austin is appropriate because each of the Defaulting Defendants have failed to respond to the complaint or otherwise assert a claim. Further, the Clerk of Court has previously entered default against them. Plaintiff's Moreover, Plaintiff has met each of the five prongs of Rule 55(b) and because the Defaulting Defendants have failed to plead or otherwise defend this action. Specifically, the Complaint and the Motion demonstrate that (1) the Clerk of the United States District Court for the Eastern District of Virginia entered default against Defaulting Defendants on February 18, 2020; (2) default was entered to the Complaint which Radius filed on January 3, 2020; (3) Defendants are not infants or incompetent persons; (4) Defendants are not in the military; and (5) notice was served on Defaulting Defendants on August 21, 2020 and September 8, 2020 by first class mail postage prepaid. ECF Nos. 14, 16. Consequently, the Court finds that the Defaulted Defendants have

4

forfeited any claim to the Indebtedness. Therefore, the grant of default judgment against the Defaulted Defendants is appropriate.

The Court must next consider the amount of damages to award Plaintiff. Radius claims that LarkSimple and Austin defaulted on its Loan agreement. ECF No. 1 ¶ 2. The Loan was executed with a Note payable to Radius in the original principal amount of $158,100.00. ECF No. 1 at Exhibit 1. Radius argues that LarkSimple and Austin are jointly and severely liable in the amount of $115,618.10 plus interest at the rate of 8.25% per annum on the principal amount of $111,194.06 from November 6, 2019. After reviewing the filings, the Court finds that LarkSimple and Austin defaulted on their obligations under the Loan for their failure to make principal and interest payments on the Note when due. *Id.* at Exhibit 4. Viewing Plaintiff's Complaint, Motion, and supporting documentation, the Court finds that Plaintiff has clearly specified the damages and the calculation thereof. Plaintiff's undisputed allegations that the Defaulting Defendants failed to satisfy their obligations under the Loan show a clear breach of contract. Therefore, the Court finds that Radius is entitled to recover a total of $115,618.10 in damages from the Defaulting Defendants.

With regards to attorneys' fees, the "factfinder is required determine from the evidence what are reasonable fees under the facts and circumstances of the particular case. If future services of an attorney will be required in connection with a case, the factfinder should make a reasonable estimate of their value." *Mullins v. Richland National Bank*, 241 Va. 447, 403 S.E.2d 334 (1991). The Court thoroughly examined Radius' attorneys' fees, the expert witness's affidavit, and declaration of attorneys' fees. ECF No. 12, 18. The Court finds that $29,000.00 in attorney fees is a fair and reasonable amount of legal fees in pursuit of judgment in this case.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Motion for Default Judgement is **GRANTED**. The Court **ENTERS** a default judgment against LarkSimple, LLC and Warren Austin. Plaintiff Radius Bank is **AWARDED** $115,618.10 in damages and $29,000.00 in attorneys' fees to be recovered from LarkSimple and Austin.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 5, 2020

Raymond A. Jackson
United States District Judge